## COMMONWEALTH *vs.* GEORGE SMART.

An indictment for embezzlement, which avers that the defendant " was entrusted by J. S. with certain property, the same being the subject of larceny," (described) " and to deliver the same to said S. on demand," and afterwards " refused to deliver said property to said S., and feloniously did embezzle and fraudulently convert to his own use, the same then and there being demanded of him by said S.," is fatally defective, by reason of omitting to state the purpose for which the defendant was entrusted with the property, or what property he fraudulently converted to his own use.

EMBEZZLEMENT. The indictment alleged that the defendant, on the 13th of July 1855, at Boston, " was entrusted by one Henry Scott with certain property, the same being the subject of larceny, to wit, two gold coins, called twenty dollar gold pieces, of the value of twenty dollars each ; one gold coin, called a gold dollar, of the value of one dollar; one purse, of the value of twenty five cents; the property of said Scott ; and to deliver the same to said Scott on demand ; " and afterwards, on the same day, at Boston, " refused to deliver the said money and other property, described as aforesaid, to said Scott, so delivered to him the said Smart, as aforesaid, and feloniously did embezzle and fraudulently convert to his own use, the same then and there being demanded of said Smart by said Scott; whereby and by force of the statute in such case made and provided, the said Smart is deemed to have committed the crime of simple larceny. And so," the indictment alleged, the defendant " then and there, in manner and form aforesaid, the said money and other property, the property of the said Scott, from the said Scott feloniously did steal, take and carry away, against the peace of said commonwealth and contrary to the form of the statute in such case made and provided."

The defendant, being convicted, moved in arrest of judgment, because of the insufficiency of the indictment. *Bishop,* J. overruled the motion, and the defendant alleged exceptions.

*H. D. Hutchinson,* for the defendant.

*J. H. Clifford,* (Attorney General,) for the Commonwealth. Section 30 of *c.* 126 of the Rev. Sts. is not confined in its appli-

cation to carriers; but extends to all persons entrusted with property, who fraudulently convert it to their own use.* *Commonwealth* v. *Simpson*, 9 Met. 142. *Commonwealth* v. *Merrifield*, 4 Met. 468. This indictment avers that certain property of Scott, (describing it,) the same being the subject of larceny, was entrusted by Scott to the defendant, to deliver to said Scott on demand; that afterwards it was demanded of him by Scott, and he refused to deliver it, but embezzled and fraudulently converted it to his own use, and was thereby guilty of larceny. And this is in all respects sufficient.

MERRICK, J. It is among the first and most familiar of the rules of criminal pleading, that in an accusation against a party charged with the commission of an offence, all the facts and circumstances of which it is constituted ought to be specifically stated and set forth. Archb. Crim. Pl. (5th Amer. ed.) 41. Tried by that rule, the indictment against the defendant is manifestly defective and insufficient. The intention to charge him with the commission of some act in violation of the provisions of § 30 of *c.* 126 of the Rev. Sts. may be inferred from its allegations; but it contains no description of the act complained of, and no averment from which it may be known of what provision of the statute it is supposed to be a violation. The general allegation, that the defendant "was entrusted" with certain enumerated articles, the property of Scott, is too loose and indefinite; since such an averment is equally applicable to a common carrier, and to any other person to whom chattels have been delivered, either to be carried for hire, or to be kept, or used, or appropriated to any particular object or service, in the manner which may have been prescribed and directed by the owner, or specially agreed upon by the parties. In neither of these particulars is there any discrimination or certainty in the averments contained in this indictment. It is so written as to suggest to the mind, upon the perusal of it, the probability that some allegation concerning the purpose for which the property

---

* But see *Commonwealth* v. *Williams*, 3 Gray, 461.

was received by the defendant, which the pleader had intended to introduce, was accidentally omitted. It alleges that this property was entrusted to the defendant; and then abruptly proceeds with the words, " and to deliver the same to the said Scott on demand;" implying, in this way, that something not expressed was to be done, before the owner had a right to demand, or the receiver was required to deliver it. But what was in the mean time to be done, the indictment fails wholly to disclose. This omission may perhaps be of the greatest importance to the defendant. If fully and accurately stated, it might show that the purpose for which the property was put into his possession authorized him to retain it, and to resist the demand which was made for its delivery to Scott.

But the indictment is still more obviously imperfect and defective in another essential particular. Though it avers that the defendant " feloniously did embezzle and fraudulently convert to his own use," it does not name any property, either that belonging to Scott or to any other person, which was thus feloniously converted and embezzled. Here, as in the former part of the indictment already referred to, there is apparently an undesigned and accidental omission. But however it occurred, the omission is a fatal deficiency; for the general charge of embezzlement and felonious appropriation to his own use by a party, of property entrusted to him, is insufficient to constitute a legal and effectual accusation.

The indictment being, in the particulars above mentioned, incomplete, and deficient in averments which are indispensable to charge the defendant properly and legally with the offence which, in general terms, he is alleged to have committed, no further proceedings can be had upon it, and the motion in arrest of judgment must be allowed. *Judgment arrested.*